**Fred SANFORD, Plaintiff,**

v.

**CBS, INC., and Rose Records, Inc., Defendants.**

**No. 83 C 3373.**

United States District Court, N.D. Illinois, E.D.

Aug. 29, 1984.

See also, D.C., 594 F.Supp. 713.

Jerold A. Jacover, Cynthia A. Homan, Willian, Brinks, Olds, Hofer, Gilson-Lione, Chicago, Ill., for plaintiff.

James A. Klenk, Charles C. Post, Reuben & Proctor, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

ASPEN, District Judge.

In this copyright infringement action, plaintiff claims that Michael Jackson ("Jackson") copied plaintiff's song "Please Love Me Now" when Jackson composed the song "The Girl Is Mine." Presently before the Court is defendants' motion for summary judgment. For the reasons stated below, the motion is denied.

In moving for summary judgment, defendants have the burden of clearly establishing that there is no genuine issue of fact material to a judgment in their favor. The issue(s) of material fact need not be resolved conclusively in favor of the party opposing summary judgment; it is enough for the opposing party to show that sufficient evidence supporting some factual dispute requires a judge or jury at trial to resolve the parties' differing versions of truth. *Cedillo v. Int'l Ass'n of Bridge & Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 10–11 (7th Cir.1979). Moreover, all inferences to be drawn from the facts contained in the affidavits, exhibits and depositions are to be drawn in favor of the nonmovant. *Id.; see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–160, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970).

Plaintiff alleges (and supports with deposition testimony and other evidence) the following scenario: On March 10, 1982, plaintiff visited CBS's offices in Rolling Meadows, Illinois, where he played a tape of his copyrighted duet "Please Love Me Now." CBS believed this song had merit and sought permission to retain custody of plaintiff's tape. The next day CBS's Director of Special Projects, Granville White ("White"), called plaintiff and asked permission to send the tape to CBS's music community in Los Angeles. A few days later, White told plaintiff that "the tape has been sent out" and that "it will be available" to CBS artists when they are looking for material. Plaintiff further alleges that when this occurred, CBS knew that Jackson was behind schedule for his "Thriller" album and was looking for a duet to perform with Paul McCartney, and that Jackson and his agents and managers were in frequent contact with the CBS people in Los Angeles. Plaintiff argues that these facts compel the conclusion that CBS copied "Please Love Me Now."

Defendants paint a much different picture. First, they have denied that plaintiff met with any CBS employee on March 10, 1982, or that plaintiff submitted a tape of his song to CBS at that time. Second, they argue that even if CBS did accept plaintiff's tape then, there is no evidence that the tape reached Jackson or even CBS's Los Angeles office. Third, defendants claim that uncontested evidence demonstrates that Jackson composed "The Girl Is Mine" *before* March 10, 1982, and therefore

could not possibly have copied plaintiff's song.

To prevail upon his claim of copyright infringement, plaintiff must ultimately prove: (1) ownership of the copyright in the complaining work; (2) originality of the work; (3) copying of the work by the defendants; and (4) a substantial degree of similarity between the two works. *Selle v. Gibb*, 741 F.2d 896 at 900 (7th Cir.1984). Because direct evidence of copying is rarely available, the plaintiff can rely upon circumstantial evidence to prove this essential element. The most important component of this sort of circumstantial evidence is proof of access. *Id.* at 901. Regardless of how access is proven, there must be at least some evidence which would establish a reasonable possibility that the complaining work was available to the alleged infringer. An inference of access may not be based on mere conjecture or speculation. *Id.* at 901, 902.

In this case, plaintiff has submitted evidence which shows a reasonable possibility that "Please Love Me Now" was available to Jackson. The parties hotly dispute numerous factual issues related to the question of access. But these disputes simply underscore the inappropriateness of summary judgment at this time. Likewise, there are various questions more properly concerning the consistency, reliability and credibility of the evidence defendants offer to support their claim that Jackson wrote "The Girl Is Mine" before March 10, 1982. These questions should be presented to the trier of fact.

Accordingly, defendants' motion for summary judgment is denied. It is so ordered.